# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. OLICK : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 06-5160 |
| CHESTER SEBASTIANELLI, et al. : | |

## Memorandum and Order

YOHN, J.                                                                                                                    July___, 2007

      The instant action involves an appeal, filed by debtor/appellant Thomas W. Olick, from the bankruptcy court's October 10, 2006 order dismissing Olick's complaint for lack of jurisdiction. Olick has also moved to have his appeal dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Appellees agree that this court should dismiss the appeal; however, they contend that it should be dismissed with prejudice as Olick has failed to comply with Federal Rules of Bankruptcy Procedure 8002, 8006, and 9006. For the reasons that follow, I will dismiss the appeal with prejudice.

**I. Background**

      On July 11, 1996, Olick and his wife, Kathryn Olick, filed for Chapter 13 bankruptcy. An amended Chapter 13 plan was confirmed by an order entered on January 25, 1999. On September 26, 2006, the bankruptcy court granted the Olicks a discharge.[1] On May 27, 2005,

---

[1] From the commencement of his bankruptcy case to his discharge, Olick filed two notices of appeal with this court–both appeals challenged the bankruptcy court's order dated July 28, 1999. The first appeal (Case No. 99-4477) was dismissed for failure to comply with Federal

Olick initiated an adversary proceeding by filing a complaint against the named appellees in the instant action.  On October 10, 2006, the bankruptcy court dismissed the complaint against all defendants after concluding that it lacked jurisdiction over the adversary proceeding.  The bankruptcy court found that there was no nexus between the adversary proceeding and the debtors' confirmed and completed Chapter 13 plan.  The order was entered on October 12, 2006.

On October 23, 2006, Olick filed a notice of appeal from the bankruptcy court's October 10, 2006 order.  He filed his Rule 8006 statement on December 7, 2006.  On January 11, 2007, I issued an order directing the parties to submit briefs addressing three issues:  (1) whether Olick's notice of appeal filed on October 23, 2006 was timely; (2) whether Olick's Rule 8006 statement was filed and served in a timely manner and, if not, whether the appeal should be dismissed for failure to do so; and (3) whether Olick's failure to comply with bankruptcy court's orders to pay the filing fee "forthwith" requires dismissal of appeal.  (Order, Jan. 11, 2007.)

On February 9, 2007, Olick filed a notice of filing another bankruptcy petition (Docket No. 11).  His brief in response to this court's January 11, 2007 order was filed on February 15, 2007.  Notably, Olick's brief only addressed one of the three issues the January 11, 2007 order required to be briefed–whether the notice of appeal was timely filed.[2]  Thereafter, on February

---

Rule of Bankruptcy Procedure 8006.  *See In re Olick*, 1999 U.S. Dist. LEXIS 19297, at **2-4 (E.D. Pa. Dec. 16, 1999).  Olick's second appeal (Case No. 99-5125) was dismissed for failure to file a timely notice of appeal under Federal Rule of Bankruptcy Procedure 8002.  *See In re Olick*, 2000 U.S. Dist. LEXIS 312, at **2-4 (E.D. Pa. Jan. 13, 2000).  The instant action is the third appeal filed with this court.

[2]Olick failed to serve this brief on counsel for appellees Richard O'Hay, Chester Sebastianelli, and Margaret Sebastianelli.  (*See* Appellees' Br. in Resp. to Jan. 11, 2007 Order, Docket No. 15, at 1-2.)  Counsel for the aforementioned appellees received a copy of Olick's brief from counsel representing other appellees.

26, 2007, Olick filed a motion to dismiss his own appeal without prejudice pursuant to Rule 41(a)(2).  Olick asserts that the instant case is a contingent asset to the bankruptcy estate related to his new bankruptcy petition filed on February 9, 2007.  (*See* Appellant's Mot. to Dismiss ¶¶ 1-7.)  Further, he contends that voluntary dismissal should be allowed because it is early in the litigation, none of the parties will be prejudiced, and appellees have not yet expended any resources.  (*Id*. ¶¶ 8-10.)

Appellees assert that Olick's motion to dismiss his appeal without prejudice is nothing more than an attempt to avoid dismissal on procedural grounds, and contend that the appeal should be dismissed with prejudice because the notice of appeal was untimely filed in violation of Rule 8002.  (Appellees' Br. in Resp. to Mot. to Dismiss, Docket No. 19, at 1-3.)  Further, appellees claim that dismissal is appropriate because Olick failed to submit a Rule 8006 statement within the ten-day filing deadline.[3]  (*Id*. at 2-3).  In the alternative, if Olick's motion to dismiss without prejudice is granted, appellees request $6,401.68 for the attorney fees and costs expended in the instant action.  (*Id*. at 4.)

**II.  Discussion**

Pursuant to Rule 8002, a notice of appeal must "be filed with the clerk within 10 days of the entry of the judgment, order, or decree appealed from."  Fed. R. Bankr. P. 8002(a).[4]

---

[3]Appellees also contend that Olick's untimely Rule 8006 statement "is nothing more than a rambling discussion of baseless claims, and fails to state specific legal issues that could be considered on appeal."  (Appellees' Br. in Resp. to Mot. to Dismiss, Docket No. 19, at 3.)

[4]The Third Circuit's holding that "failure to file timely notice within the meaning of Bankruptcy Rule 8002 is indeed a jurisdictional defect barring appellate review," *In re Universal Minerals, Inc.*, 755 F.2d 309, 310 (3d Cir. 1985), was called into question by *Eberhart v. United States*, 546 U.S. 12 (2005), and *Kontrick v. Ryan*, 540 U.S. 443 (2004).  *See In re Fryer*, 2007 U.S. App. LEXIS 13679, at *5 (3d Cir. June 11, 2007) (not precedential).  Thus, "Rule 8002

Appellees argue that Olick's appeal must be dismissed with prejudice for lack of jurisdiction because his notice of appeal–filed on October 23, 2006–was not filed within ten days of the entry of the bankruptcy court's October 10, 2006 order, which was entered on October 12, 2006. I disagree. Rule 9006(a) governs the computation of the ten-day filing deadline. Fed. R. Bankr. P. 9006(a). That rule provides in pertinent part:

> (a) Computation. In computing any period of time prescribed or allowed by these rules . . . , the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . , in which event the period runs until the end of the next day which is not one of the aforementioned days.

Fed. R. Bankr. P. 9006(a). The bankruptcy order at issue was entered on Thursday, October 12, 2006. The tenth day from that date, October 22, 2006, fell on a Sunday. Therefore, pursuant to Rule 9006(a), the deadline to file a timely notice of appeal was Monday, October 23, 2006, which is the day Olick filed his notice of appeal. Therefore, I find that the notice of appeal was timely filed.

Rule 8006 requires that an appellant submit "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within ten days of filing the notice of appeal. Fed. R. Bankr. P. 8006. Rule 8006 is a procedural rule and not a jurisdictional requirement. Because dismissing an appeal is a harsh sanction, "[n]ot every failure to follow

---

might now qualify as a non-jurisdictional 'claim-processing rule' that is mandatory when invoked by a party, but subject to waiver if no timeliness objection is raised." *In re Fryer*, 2007 U.S. App. LEXIS 13679, at **5-6 (not precedential) (citing *Eberhart*, 546 U.S. at 19). As will be discussed, Olick timely filed his notice of appeal; therefore, this is irrelevant in the instant action.

procedural rules mandates dismissal of the appeal." *In re Comer*, 716 F.2d 168, 177 (3d Cir. 1983) (citing *Spartacus, Inc. v. Borough of McKees Rocks*, 694 F.2d 947, 949 n.6 (3d Cir. 1982)).  However, dismissal is appropriate when the failure to comply with Rule 8006 is coupled with bad faith on the part of the appellant or prejudice to the appellees.  *See In re Comer*, 716 F.2d at 177; *see also Kroope v. Kroope*, 1997 U.S. Dist. LEXIS 211, at *6 (E.D. Pa. Jan. 13, 1997); *Pennsummit Tubular, LLC v. Schwab*, 2006 U.S. Dist. LEXIS 46435, at *2 (M.D. Pa. July 10, 2006).  Here, because I find bad faith on the part of Olick, I conclude that dismissal for failure to comply with Rule 8006 is appropriate.

It is clear that Olick's Rule 8006 statement was untimely filed and that the untimeliness was not minor.  His 8006 statement was not filed until December 7, 2006, more than forty days after the notice of appeal was filed.[5]  Olick's untimeliness is even more egregious in light of his history before this court.  He already has had two appeals dismissed by this court for failure to comply with the procedural requirements of Rule 8006.  *See In re Olick*, 2000 U.S. Dist. LEXIS 312, at *8 n.4 (E.D. Pa. Jan. 13, 2000) (finding that Olick, given his history of filing bankruptcy appeals, should have been aware of Rule 8006's requirements).  Thus, he had clear knowledge of Rule 8006's procedural requirements.  Further, Olick's Rule 8006 statement, even if it had been timely submitted, is deficient as it fails to designate the items to be included in the record; thus, the court cannot meaningfully review his appeal as it still has not received the necessary transcripts and documents from the bankruptcy court.  Notably, although appellees highlighted this deficiency along with others in their brief submitted on March 2, 2007 (Docket No. 15),

---

[5]Olick failed to brief the issue of his Rule 8006 statement's untimeliness as directed by this court's January 19, 2007 order.  In addition, he has not proffered any explanation for his untimeliness.

Olick has still not made any attempt to supplement or correct his Rule 8006 statement. Rather, he has filed another bankruptcy petition with the bankruptcy court and requested dismissal of his appeal pursuant to Rule 41(a)(2).[6] Thus, appellant never "serve[d] on the appellee[s] a designation of the items to be included in the record on appeal" as required by Rule 8006. *See* Fed. R. Bankr. P. 8006. Thus, in light of his willful disregard of Rule 8006's requirements, I find bad faith on the part of Olick and conclude that dismissal is warranted. Accordingly, I will dismiss the instant appeal with prejudice.[7]

      An appropriate order follows.

---

    [6]Federal Rule of Civil Procedure 41(a) provides in pertinent part:

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2).

    [7]Because the appeal is dismissed for failure to comply with Rule 8006, Olick's motion to dismiss his appeal pursuant to Rule 41(a)(2) is moot.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. OLICK : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 06-5160 |
| CHESTER SEBASTIANELLI, et al. : | |

## Order

AND NOW on this ____ day of July 2007, upon careful consideration of the submitted briefs in response to this court's January 19, 2007 order, IT IS HEREBY ORDERED THAT:

1. Appellees' motion to dismiss is GRANTED and the above-captioned appeal from the bankruptcy court's order dismissing debtor/appellant Thomas W. Olick's adversary proceeding for lack of jurisdiction is DISMISSED WITH PREJUDICE for failure to comply with Federal Rule of Bankruptcy Procedure 8006.

2. Appellant Thomas W. Olick's motion to dismiss the above-captioned appeal pursuant to Federal Rule of Civil Procedure 41(a)(2) (Docket No. 14) is DISMISSED as moot.

                                        s/ William H. Yohn Jr.
                                        William H. Yohn Jr., Judge